**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| In re: ) | Case No.: 24-30423-lkg |
| ) | Honorable Laura K. Grandy |
| **HISTORIC TIMBER & PLANK, INC.** ) | |
| ) | **Chapter 11 Proceeding** |
| EIN – 27-1446647 ) | |
| ) | **MOTION FOR ORDER** |
| Debtor. ) | **AUTHORIZING SALE OF ASSETS** |
| ) | **PURSUANT TO 11 U.S.C. § 363(b) & (f)** |
| ) | |
| ) | |
| ) | Spencer P. Desai, Esq. |
| ) | The Desai Law Firm, LLC |
| ) | 13321 North Outer Forty Road, Suite 300 |
| ) | St. Louis, Missouri 63017 |
| ) | (314) 666-9781 |
| ) | spd@desailawfirmllc.com |
| ) | |

**MOTION FOR ORDER AUTHORIZING SALE OF SUBSTANTIALLY ALL ASSETS FREE AND CLEAR OF ALL INTERESTS, INCLUDING LIENS, CLAIMS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §363(b) & (f)**

COMES NOW Historic Timber & Plank, Inc. ("Debtor"), by and though the undersigned counsel, and for its Motion for Order Authorizing Sale of Substantially All Assets Free and Clear of All Interests, Including Liens, Claims and Encumbrances Pursuant to 11 U.S.C. §363(b) & (f) ("Motion") states to the Court as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 1334 and 157 and 11 U.S.C. §§ 363 and 365.

2. This is a core proceeding under 11 U.S.C. § 157(b)(2)(A), (N), and (O).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

1

**BACKGROUND**

4.      On June 20, 2024 (the "Petition Date"), Historic Plank & Timber, Inc. ("Debtor") filed its voluntary petition under Chapter 11 of title 11 of the United States Code. The Debtor continues to manage its assets as a Debtor in Possession, pursuant to §1184 of the Bankruptcy Code.

5.      The Debtor is a leader in custom woodworking and millwork. It has unique suppliers and provides specialized wood fixtures to individual and commercial customers.

6.      The primary assets of the bankruptcy estate are the Debtor's equipment and inventory ("Estate Assets"). The Debtor operates out of its wood fabrication facility located in Jerseyville, IL. That facility is owned by Adkom, LLC, the Debtor in a related case (24-30425-lkg). The Debtor also utilizes sheds and storage on land owned by Sunset Lakes, LLC, the Debtor in a related case, (24-30424-lkg).

7.      The Debtor believes that the sale of the Estate Assets, in conjunction with the Real Estate, for the highest obtainable consideration is in the best interest of the Debtor, its creditors and other parties in interest.

8.      Debtor has three secured lenders on the Estate Assets. The Internal Revenue Service ("IRS") has a lien on the Debtor's assets by virtue of the following tax liens.

| Date | Lien Number | Entity | Amount |
|---|---|---|---|
| 05/03/2016 | 821403 | IRS | $79,066.00 |
| 06/22/2018 | 897922 | IRS | $120,708.49 |
| 09/05/2018 | 904155 | IRS | $43,192.16 |
| 11/21/2018 | 911208 | IRS | $35,021.41 |
| 04/26/2021 | 962996 | IRS | $74,188.15 |

The Illinois Department of Employment Security ("IDES") has a statutory tax lien.  Finally, the Debtor's junior secured creditor is First Bank of the Lake ("FBOL").  As of the Petition Date, Debtor was indebted to the IRS in the approximate amount of $352,175.00, IDES in the amount of $20,848.79 and FBOL in the approximate amount of $5,240,312.63.  The Debtor's debt to FBOL arises pursuant to:

    a.    Promissory Note dated October 31, 2019 in the principal amount of $4,300.000.00 plus interest and other charges from Borrower payable to FBOL (as has been amended, modified, extended, replaced, renewed or restated, the "Note").  The approximate outstanding balance of the Note is $5,240,312.63.  This amount together with all interest, fees, costs, and charges, is identified as the "Pre-Petition Indebtedness.";

    b.    The Note is further secured by valid, perfected, enforceable, lien and security interest upon and in the assets of the Debtor including all equipment, inventory, receivables, accounts, accounts receivable ("Business Assets") and the proceeds of the foregoing (collectively the "Cash Collateral").

**THE DEBTOR'S PREPETITION AND POSTPETITION MARKETING EFFORTS**

9.    The Debtor has marketed the Estate Assets separately and together with the Adkom real estate ("Real Estate") for several years before the Petition Date.  The Debtor entertained interest from numerous parties in the Estate Assets and one bona fide offer.  The written offer received was for substantially less than this current offer and unacceptable to FBOL.

10. The Debtor will forward this Sale Motion to all prior parties who have expressed interest in the Estate Assets and/or Real Estate.

11. The Debtor will entertain competing offers for the Estate Assets separately or with the Adkom Real Estate.

## THE PROPOSED SALE

12. The Debtor and 5M Venture II, LLC (the "Purchaser") have negotiated an Asset Purchase Agreement ("APA") for the sale of the aforementioned Sale Assets for a total sale price compromised of the following:

   i. One Million Five Hundred Thousand and 00/100 Dollars ($1,500,000.00) to satisfy the outstanding liens owed to the IRS and Illinois Department of Revenue on the Real Estate and Estate Assets and agreed costs on the Real Estate including taxes, and sewer;

   ii. Any remaining balance to FBOL in full satisfaction of their lien on the Estate Assets and Real Estate. The estimated payment to FBOL is Nine Hundred Fifty Thousand and 00/100 Dollars ($950,000.00);

13. The APA provides for employment agreements with two (2) insiders of the Debtor, Joseph and Margaret Adams. Joseph Adams' salary shall be $125,000.00 annually plus a bonus. Margaret Adams' salary shall be $85,0000 annually plus a bonus.

14. The APA provides for an earnest money deposit of Fifty Thousand Dollars ($50,000.00) and a closing date no later than January 31, 2024. A copy of the APA is attached hereto as Exhibit A and incorporated herein as if more fully set forth.

15. The Debtor seeks approval of an expense reimbursement or break-up fee for Purchaser, as provided in the APA, of One Hundred Twenty Thousand and 00/100 Dollars ($120,000.00) (the "Break-up Fee") to compensate Purchaser for the Debtor in Possession loan, expenses and costs incurred by Purchaser in connection with conducting due diligence,

4

negotiating and participating in the bidding process, as described in the APA, in the event the Purchaser is not the holder of the Successful Bid.

16.The Break-Up Fee is reasonable in amount and would fairly compensate Purchaser for the substantial time and effort it has invested and the risks it has assumed and for time and effort Purchaser will incur prior to the Sale Hearing in performing additional due diligence and negotiating with third parties.  The Debtor believes that Purchaser's agreement to purchase the Sale Assets, as evidenced by the APA, is critical to arranging an orderly sale of the Sale Assets and obtaining the highest realizable price.  If Purchaser had not committed its resources to the sale process, the Debtor may have been forced to resort to a less orderly process with higher costs and the risk of a smaller recovery for its estate.  Purchaser's offer also benefits the bankruptcy estate by creating a form of purchase agreement and by establishing the "floor" amount of the purchase price.

17.In the event of an objection in the form of a competing offer, the Debtor will seek approval of auction/bid procedures at the sale hearing.  In an auction or bidding between Purchaser and any other party for the Estate Assets, Purchaser, in its sole and absolute discretion, may credit bid the Break-Up Fee toward the acquisition of any of the Sale Assets.  In the event that Purchaser does not acquire the Sale Assets at the conclusion of an auction, the Break-Up Fee shall be paid to Purchaser in cash upon any closing or consummation for the sale, disposition, or otherwise of the Sale Assets.

18.The sale of the Sale Assets shall be on an "AS IS, WHERE IS" basis, without representation, warranty or guaranty of any kind other than as specifically set out in the APA.

19.Purchaser shall deposit the amount of $50,000.00 in escrow with the title company as set forth in the APA which shall be applied to Purchaser's payment of the Purchase

Price at Closing.  In the event that the Sale Assets are purchased by a party other than Purchaser or the APA is terminated for any reason other than Purchaser's material breach of the APA, Purchaser's escrow deposit shall be returned to Purchaser.

### SALE OF ASSETS FREE AND CLEAR OF ALL INTERESTS PURSUANT TO SECTION 11 U.S.C. §363(b) & (f)

19.     The Debtor requests that the Court authorize the sale of the Estate Assets pursuant to 11 U.S.C. §363(b) free and clear of all interests, including liens, encumbrances, claims (as such term is defined in §101(5) of the Bankruptcy Code), with such interests including liens, claims, and encumbrances to attach to the sale proceeds.

20.     11 U.S.C. §363(b) authorizes the sale of property of the estate other than in the ordinary course of business after notice and a hearing.  A sale of assets outside the ordinary course of business is a matter within the Court's discretion.  Courts generally permit a debtor to sell property of the estate outside of the ordinary course where the proposed sale is a sound exercise of the debtor's busin3ss judgment and when such sale is for fair and reasonable consideration and is in good faith.  *See, In re Lionel Corp.*, 722 F.2d 1063, 1070 (2d Cir. 1983); *In re Channel One Commc'n, Inc.*, 117 B.R. 493, 496 (Bankr. E.D. Mo. 1990); *In re Apex Oil Co.*, 92 B.R. 847, 866 (Bankr. E.D. Mo. 1988).

21.     Under 11 U.S.C. §363(f)(2), a sale free and clear of interests, including liens, claims and encumbrances is permissible if, among other things, (i) applicable non-bankruptcy law permits sale of such property free and clear of such interest, or (ii) the secured lienholder consents, or (iii) the price at which the property is to be sold is greater than the aggregate value of all liens on the property.

22.     The proposed sale of the Sale Assets is for fair and reasonable consideration, is in good faith and will not unfairly benefit any insiders or creditors of the Debtor.

23. By and through this Motion, Debtor requests that this Court: (i) authorize the sale of the Estate Assets pursuant to Section 363(b) & (f) of the Code in accordance with the terms and conditions described in the APA or such other and better terms as may be submitted at the conclusion of an Auction; (ii) order the sale of the Estate Assets be free and clear of all liens, claims, encumbrances or interests of any kind, except for those specifically assumed by Purchaser under the APA (or other Successful Bidder under it contract for sale) or specifically excepted in the APA (such as title exceptions), with any liens, claims, encumbrance or interests existing on the date of closing attaching to the proceeds of sale to the extent permissible under Section 363(f) of the Code; (iii) find that Purchaser or any other successful bidder, if not Purchaser, is a good faith purchaser of the Estate Assets pursuant to Section 363(m) of the Code and entitled to all protections thereunder, that Purchaser is not a successor in interest of the Debtor, except as may be provided in the APA, and that Purchaser is entering the sale in good faith; (iv) declare that the Debtor has full authority to execute the APA and to close on the sale of the Estate Assets, that all appropriate action has been taken by the Debtor to effectuate the sale, and that no further consents or approvals are required for consummation of the APA; (v) declare that the sale of the Estate Assets pursuant to the terms of the APA is fair and reasonable and is in the best interest of the bankruptcy estate; (vi) find that proper notice of the sale was given and that reasonable time to object and be heard was provided to all interested parties; (vii) provide for the continued jurisdiction of the Bankruptcy Court to enforce the terms of any order approving the sale of the Sale Assets and the APA; and (viii) waive the fourteen (14) day stay of Rule 6004(h) of the Federal Rules of Bankruptcy Procedure and declare that the Order authorizing the sale of the Sale Assets immediately be effective and final upon entry in this Court's docket.

## NOTICE

24. Notice of this Motion will been provided to (a) the United States Trustee; (b) First Bank of the Lake; (c) Internal Revenue Service; (d) Illinois Department of Revenue; (e) Illinois Department of Employment Security; (f) all known creditors and parties in interest.

WHEREFORE, the Debtor prays the Court make and enter its Order granting the Motion and for such other and further relief as is just and proper.

Dated: November 5, 2024                                Respectfully submitted,

THE DESAI LAW FIRM, LLC

By: */s/ Spencer P. Desai*
Spencer P. Desai, #39877
13321 North Outer Forty Road, Suite 300
St. Louis, MO 63017
Telephone: (314) 666-9781
Facsimile: (314) 448-4320
spd@desailawfirmllc.com

ATTORNEYS FOR DEBTOR

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing pleading was served by electronic filing in the CM/ECF system of the United States Bankruptcy Court for the Southern District of Illinois or via U.S. Mail, postage prepaid this 5th day of November, 2024, to the United States Trustee, the Subchapter V Trustee and the 20 Largest Unsecured Creditors.

*/s/ Spencer P. Desai*